FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2020 JAN -7 PM 4: 12

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES OF AMERICA

v.  CASE NO. 8:20-cr-5T02 AAS
18 U.S.C. § 922(g)(1)
21 U.S.C. § 841

GILBERTO VILLACORTA

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about May 21, 2019, in the Middle District of Florida, the defendant,

GILBERTO VILLACORTA,

knowing that he had been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Shooting into a Dwelling, on or about December 20, 2017; and

2. Fleeing and Eluding, on or about December 20, 2017

did knowingly possess, in and affecting interstate and foreign commerce, a firearm and ammunition, that is, a Glock firearm; Romarm/Cugir firearm; Sellier & Bellot (S&B) ammunition; Winchester ammunition; and Tulamo ammunition.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT TWO

On or about May 21, 2019, in the Middle District of Florida, and elsewhere, the defendant,

GILBERTO VILLACORTA

did knowingly and intentionally possess with intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853.

2. Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. Upon conviction of a violation of 21 U.S.C. § 841(a)(1), the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any

property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

4.  The property to be forfeited includes, but is not limited to, the following: Glock Model 26 semi-automatic pistol; Romarm/Cugir, AK-Type semi-automatic pistol; twelve (12) rounds of Sellier & Bellot 7.62x39 ammunition; twenty (20) rounds of Winchester 7.62x39 ammunition; and one (1) round of Tulammo, 7.62x54R ammunition.

5.  If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), directly and as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Charlie D. Connally
Assistant United States Attorney

By: _____
James C. Preston, Jr.
Assistant United States Attorney
Deputy Chief, Violent Crimes and Narcotics Section

4

FORM OBD-34
January 20

No. _____

---

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Tampa Division

---

THE UNITED STATES OF AMERICA

vs.

GILBERTO VILLACORTA

---

### INDICTMENT

Violations:   Title 18, United States Code, Section 922(g)(1)
Title 21, United States Code, Section 841

---

A true bill,

_____
Foreperson

---

Filed in open court this 7th day
of January, 2020.

_____
Clerk

---

Bail $_____

---

GPO 863 525