UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                     CASE NO. 8:20-cr-5-T-02AAS

GILBERTO VILLACORTA

**NOTICE OF MAXIMUM PENALTIES,
ELEMENTS OF OFFENSE, AND FACTUAL BASIS**

The United States of America, by Maria Chapa Lopez, United States

Attorney for the Middle District of Florida, hereby files this Notice of

Maximum Penalties, Elements of Offense, Personalization of Elements and

Factual Basis, stating as follows:

ESSENTIAL ELEMENTS

COUNT ONE

The essential elements of a violation of 18 U.S.C. §§ 922(g) and

924(a)(2), felon in possession of a firearm and ammunition, are as follows:

First:          The defendant knowingly possessed a firearm or ammunition in
                or affecting interstate or foreign commerce;

Second:         Before possessing the firearm or ammunition, the defendant had
                been convicted of a felony offense, a crime punishable by
                imprisonment for more than one year; and

Third:          At the time he possessed the firearm and ammunition, the
                defendant knew that he had been convicted of a crime punishavle
                by imprisonment for more than one year.

COUNT TWO

The essential elements of a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), possession of a controlled substance with the intent to distribute, are as follows:

First:          The defendant knowingly possessed cocaine;

Second:      The defendant intended to distribute the cocaine.

## PENALTY

The penalty for the offense charged in Count One of the Indictment is a maximum sentence of 10 years' imprisonment, a fine of $250,000, a term of supervised release of not more than three years, and a special assessment of $100.

The penalty for the offense charged in Count Two of the Indictment is a maximum sentence of 20 years' imprisonment, a fine of $1,000,000, a term of supervised release of at least three years, and a special assessment of $100.

Additionally, the defendant must forfeit property, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461, as outlined in the Indictment and Bill of Particulars.  Among the items that will be forfeited are the following: a Romarm/Cugir Micro Draco, .762 caliber pistol, serial number PMD1133819RO; a Glock GMBH 26, 9 caliber pistol, serial number

HLA666; approximately 33 rounds of assorted .762 caliber ammunition; and approximately 59 rounds of assorted ammunition.

FACTUAL BASIS

On December 20, 2017, the state of Florida convicted Gilberto Villacorta of the felony, shooting into an occupied dwelling. The state court judge sentenced Villacorta to community control for six months, followed by 18 months of probation. The terms of Villacorta's probation required him to submit to probation compliance searches.

On May 21, 2019, Villacorta was still serving the probation portion of his sentence. On that same day, Villacorta's probation officer, additional probation officers, Manatee County Sheriff's Office deputies went to Villacorta's listed address in Manatee County, within the Middle District of Florida, to conduct a probation compliance search. Villacorta was not at his residence when the probation officer arrived. The probation officer called Villacorta and asked him to return to his home. Villacorta arrived at his home approximately ten minutes later.

The probation officer informed Villacorta that the probation officers were there to perform a compliance search. Villacorta responded that he did not have the keys to his home. Villacorta informed the probation officer that

3

he would not grant access to his home and told the probation officer to violate him.

Villacorta told an MCSO deputy that Villacorta had cocaine in his pocket and that the officers would find additional cocaine in his home as the deputy began to arrest him. MCSO deputies secured a search warrant for Villacorta's residence.

The MCSO deputies discovered several items of contraband during the search of Villacorta's home. One MCSO deputy found one round of Tulammo 7.62x54R ammunition inside of a cup in Villacorta's bedroom. Another deputy discovered a Glock, Model 26 firearm loaded with Remington 9mm ammunition and a box that contained Sellier & Bellot (S&B) 7.62x39 ammunition inside a dresser drawer in Villacorta's bedroom. The firearm and box of ammunition were located next to Villacorta's social security card. MCSO deputies also found a Romarm/Cugir, AK-Type semi-automatic pistol, Sellier & Bellot 7.62x39 ammunition, Winchester 7.62x39 ammunition, and two bags containing a white powdery substance. The deputies also discovered a a black bag in Villacorta's closet that contained a box of Remington 9mm ammunition.

The two bags that deputies discovered in Villacorta's safe weighed 15.3 grams and 4.4 grams. The substance in both bags tested positive as cocaine.

4

A crime scene technician obtained DNA samples from the trigger areas of the Romarm/Cugir, AK-Type semi-automatic pistol and Glock, Model 26 firearms. In July 2019, an MCSO deputy obtained a search warrant for Villacorta's DNA and obtained a sample of Villacorta's DNA from Villacorta using a buccal swab.

On August 8, 2019, a DNA analyst compared the swab from the trigger areas of the Romarm/Cugir, AK-Type semi-automatic pistol and Glock, Model 26 firearms and Villacorta's buccal swab. The analyst determined that the DNA from the trigger area of the Romarm/Cugir, AK-Type semi-automatic pistol came from a mixture of at least two people and that Villacorta could not be excluded as a source. The analyst found that it was 3.8 quadrillion times more probable that Villacorta's DNA was included in the mixture than for the mixture to have two completely unknown contributors.

The analyst determined that the DNA from the trigger area of the Glock, Model 26 firearm came from a mixture of at least three people and that Villacorta could not be excluded as a source. The analyst found that it was 210 trillion times more probable that Villacorta's DNA was included in the mixture than for the mixture to have three completely unknown contributors.

An ATF interstate-nexus analyst analyzed the Glock, Model 26 firearm; Romarm/Cugir, AK-Type semi-automatic pistol; Sellier & Bellot 7.62x39

ammunition; Winchester 7.62x39 ammunition; Tulammo 7.62x54R

ammunition; and Remington 9mm ammunition. The analyst found that the

firearms and ammunition were manufactured outside the state of Florida and

had to travel through or affect interstate commerce to end up in Villacorta's

possession.

The defendant has not received a pardon, and his rights to own, use, or

possess a firearm have not been restored.  On the date that the defendant

possessed the firearm, he had been convicted of and knew that he had been

convicted of the following felony offenses:

(1)     **Shooting into a Dwelling**, on or about December 20, 2017; and

(2)     **Fleeing and Eluding**, on or about December 20, 2017.


Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney


By:   /s/ Charlie D. Connally
      Charlie D. Connally
      Assistant United States Attorney
      Florida Bar No. 98475
      400 N. Tampa Street, Suite 3200
      Tampa, Florida 33602-4798
      Telephone:   (813) 274-6000
      Facsimile:   (813) 274-6358
      E-mail: charlie.connally@usdoj.gov

**U.S. v. Villacorta**                                 **Case No. 8:20-cr-5-T-02AAS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2020, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a

notice of electronic filing to the following:

   Nicole Hardin, AFPD

          */s/ Charlie D. Connally*
          Charlie D. Connally
          Assistant United States Attorney
          Florida Bar No. 98475
          400 N. Tampa Street, Suite 3200
          Tampa, Florida 33602-4798
          Telephone:   (813) 274-6000
          Facsimile:   (813) 274-6358
          E-mail: charlie.connally@usdoj.gov